IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JACOB A. ANZALDUA     PLAINTIFF

v.     Civil No. 6:19-CV-06051

GARLAND COUNTY DETENTION     DEFENDANTS
CENTER and ARKANSAS COMMUNITY
CORRECTION

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on May 1, 2019. (ECF No. 1). He alleges his Fifth and Eighth Amendment rights were violated when he was detained in the Garland County Detention Center "without bond on an illegal white warrant" issued by Arkansas Community Correction ("ACC"). (*Id*. at 4). Plaintiff seeks monetary damages. (*Id*. at 4-5).

## II.  DISCUSSION

Plaintiff has named the CCDC as a Defendant.  The CCDC is not a "person" subject to suit under§ 1983.  *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (police and sheriff's departments are not usually legal entities subject to suit); *La Garza v. Kandiyohi County Jail*, 18 Fed. App'x. 436 (8th Cir. 2001) (unpub. table op.) (affirming dismissal of county jail on grounds that the jail is not an entity subject to suit).

Plaintiff has named the ACC as a Defendant.  Plaintiff's claims against the ACC are subject to dismissal.  States and state agencies are not "persons" subject to suit under § 1983.  *Howlett v. Rose,* 496 U.S. 356 (1990)*; Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008).

Plaintiff names no individual defendants in this civil rights action.

## III.  CONCLUSION

Accordingly, I recommend that Plaintiff's Complaint be DISMISSED WITH PREJUDICE.  I further recommend that the dismissal of this case constitute a strike pursuant to 28 U.S.C. 28 U.S.C. § 1915(g) and the Clerk be DIRECTED to place a § 1915 strike flag on the case.

The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 5th day of August 2019.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE